UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-61370-CIV-MARRA

SCARLETT ANNE ASBUN, and all
Others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,
v.

JOAO A. RESENDE, individually,
And VAGOS SERVICES, INC.,
A Florida corporation,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF'S CONUSEL TO FILE FEE/REPRESENTATION AGREEMENT TO THE COURT [D.E. 61]**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff SCARLETT ANNE ASBUN ("Plaintiff"), responds to Defendants' JOAO A. RESENDE ("Defendant Resende") and VAGOS SERVICES, INC. ("Defendant Vagos") (collectively, "Defendants") (collectively, "The Parties") Motion for Order Requiring Plaintiff's Counsel to File Fee/Representation Agreement to the Court [D.E. 61] ("Motion") and, in support thereof, Plaintiff states as follows:

**PERTINENT BACKGROUND[1]**

1. This matter arises out an action brought by Plaintiff against Defendants on July 1, 2015 alleging TWO THOUSAND SEVEN HUNDRED TEN DOLLARS and 00/100 ($2,710.00) in unpaid wages under the Fair Labor Standards Act ("FLSA"). (See [D.E. 1]).

2. On March 31, 2016, Defendants agreed to settle Plaintiff's FLSA Complaint [D.E. 1]. The two (2) basic components of settling the matter were as follows:

    a. Defendant agreed to pay Plaintiff $2,000.00 to settle the unpaid/underpaid overtime wages claim, as well as, other legal claims and

---

[1] In an effort to avoid redundancy in the pleadings, Plaintiff references herein and specifically incorporates hereto the "Background" section of Plaintiff's Verified Amended Motion for Fees and Costs, et. al. [D.E. 55]. Moreover, Plaintiff incorporate the entire pleading and arguments made therein in support to this response.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

      b.   Defendants agreed to separately pay Plaintiff her reasonable attorney's fees and costs incurred in litigating her FLSA Complaint [D.E. 1].

(See Exhibit 53-2 of Defendants' Motion for Fees [D.E. 53].

      3.   On June 3, 2016 and almost a year after filing the Complaint [D.E. 1], this Court entered an Order approving the parties' agreement to settle the unpaid/underpaid overtime wages claim $2,000.00 and reserve ruling on attorney's fees and costs owed by Defendants to Plaintiff pursuant to Rule 54 of the Fed.R.Civ.P. and L.R.S.D. 7.3 [D.E. 52].

      4.   On June 16, 2016, Defendants' filed their Motion for Fees requesting that sanctions pursuant to 28. U.S.C. § 1927 be imposed against Plaintiff and Plaintiff's Counsel [DE 53]. In essence, Defendants' Motion for Fees [DE 53] moves for this Honorable Court to enter an order sanctioning Plaintiff and Plaintiff's Counsel, the Law Firm of Hudson & Calleja, LLC and José A. Socorro, Esq. (collectively, "Plaintiff's Counsel" and/or "Undersigned Counsel") as follows: (a) that Plaintiff be denied its fees and costs entitled as the prevailing party pursuant to the FLSA for bad faith conduct and (b) that Defendants and Defendants' counsel be awarded fees and costs. (See Defendants' Motion for Fees, generally [DE 53]). In part, Defendants alleged that, in their opinion and based on the allegations outlined therein, a "reasonable" award of fees and costs to Plaintiff would be $0.00. (See Defendants' Motion for Fees D.E. 53, generally).

      5.   On June 17, 2016, Plaintiff filed her Amended[2] Verified Motion for Entitlement to an Award of Attorneys' Fees and Costs pursuant to 29 U.S.C 216(B), 28 U.S.C. §1920 and Southern District of Florida Local Rule 7.3 ("Plaintiff's Motion for Fees") [D.E. 54][3].

      6.   On June 20, 2016, Defendants filed their Response to Plaintiff's Motion for Fees [D.E. 54] in which Defendants claim that a "reasonable" award of fees and costs to Plaintiff would be $0.00[4]. (See [D.E. 55], generally).

      7.   On July 5, 2016, Defendants filed their Motion that requests, in part, that undersigned counsel produce the fee/representation agreement Plaintiff executed with undersigned counsel (See pg. 3, para 6 of Motion [D.E. 61]).

---

[2] Plaintiff's initial Verified Motion for Fees was propounded upon counsel for Defendants on April 19, 2016. However, counsel for Defendants refused to respond to same because an Order dismissing this FLSA matter had not been entered by the Court prior to propounding same. As such, Plaintiff serves this Amended Verified Motion for Fees and Costs.
[3] Plaintiff refers to and specifically incorporates Plaintiff's Motion for Fees [D.E. 54] herein.
[4] Plaintiff will file a separate Reply to Defendants' Response [D.E. 55].

8.      In his Motion, counsel for Defendants claims that undersigned counsel must produce its fee/representation agreement with the Court because it is unknown (a) what the terms of said agreement are and (b) whether Plaintiff paid undersigned counsel any monies.  (See pg. 3, para 6 of Motion [D.E. 61]).

## MEMORANDUM OF LAW

9.      Herein, undersigned counsel requests that this Court deny Defendants' Motion [D.E. 61] as the relief requested therein is unnecessary and irrelevant to a determination of reasonable fees and costs in FLSA matters.

10.     Presumably and by filing Defendants Motion [D.E. 61], counsel for Defendants will argue that Plaintiff is only entitled to recover the terms of the agreement entered into with her counsel.

11.     Should that be the case, such an argument is incorrect and contrary to the policy governing the FLSA.

**A.  In FLSA Matters, The Court determines the Reasonable Amount of Fees and Costs Owed to the Prevailing Party.**

12.     By the entry of the June 3, 2016 Order Approving the Settlement Agreement [D.E. 53], Plaintiff herein is the prevailing party and is entitled to recover a reasonable attorneys' fee in this matter.  29 U.S.C. § 216(b); Valley v. Ocean Sky Limo, 82 F. Supp. 3d 1321, 1326 (S.D. Fla. 2015); (citation omitted); See also Silva v. Miller, 547 F.Supp.2d 1299, 1304 (S.D. Fla.2008).

13.     It is well established in FLSA matters that the Court is an expert in determining the reasonableness of hourly rates and hours reasonably expended in litigating matters.  See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

14.     Herein, the Court will determine the reasonable fees and costs owed to Plaintiff by Defendants.  The contract between the Plaintiff and her attorney is immaterial and not binding with respect to that determination.

**B.  The Court Will Not Enforce Any Agreement between Plaintiff and Her Attorney that Contradicts the Intent of the FLSA.**

15.     It has been established that, regardless of the agreement executed by a plaintiff and his attorney, courts will reject contingency fee agreement in FLSA cases and award fees pursuant to a lodestar amount.  Cf. Silva v. Miller, 547 F.Supp.2d 1299, 1301-02 (S.D.Fla.2008);

see also, Zegers v. Countrywide Mortg. Ventures, LLC, 569 F. Supp. 2d 1259, 1266 (M.D. Fla. 2008) (holding that it is contrary to the Congressional intent in creating the FLSA to have the plaintiff pay his or her attorney a fee in addition to what the Court determines is a reasonable fee for the attorney's services).

> 16. Indeed, the Court in Zegers ruled as follows:

> "The Court finds no reasonable basis to distinguish between a plaintiff who prevails through settlement and one who prevails at trial. The Court has discretion to determine what is a reasonable fee for an attorney's services, regardless of any contract between a plaintiff and his attorney. *See United Slate,* 732 F.2d at 504. Moreover, the Court has broad equity powers to supervise collection of attorneys' fees pursuant to contingency fee contracts. See United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co., 41 F.3d 1032, 1048 (6th Cir.1994).
> The Court, therefore, must determine what is a reasonable fee and will find any contingency fee agreement that requires an additional payment to be unenforceable. See, e.g., Chandris, S.A. v. Yanakakis, 668 So.2d 180, 185 (Fla.1995) ("A contract that contravenes an established interest of society can be found to be void as against public policy."); Local No. 234 of United Ass'n of Journeymen and Apprentices v. Henley & Beckwith, Inc., 66 So.2d 818, 823 (Fla.1953) (contract (contract provisions which violate public policy underlying a statute can be void); Stewart v. Stearns & Culver Lumber Co., 56 Fla. 570, 587, 48 So. 19 (1908) ("Contracts or agreements that violate the principles of public policy designed for the public welfare are illegal, and will not in general be enforced by the courts.").

See, Zegers, 569 F. Supp. at 1267-68.

> 17. As the ruling in the Zegers Court, this Court should determine what is a reasonable attorney fee owed to Plaintiff herein and will find any contingency fee agreement that requires an alternate and/or additional payment to be unenforceable. 569 F.Supp. at 1268.

> 18. As such, producing the retainer agreement executed with Plaintiff's counsel is futile and irrelevant to the dispute before the Court.

### C. **Defendants' Motion [D.E. 61] is Yet Another Example of Counsel for Defendants' Dilatory Tactics Employed from the Inception of this Litigation with the Apparent Intention to Invalidate the March 31, 2016 Settlement.**

> 19. As stated in more detail above and in Defendant's Response to Defendants' Motion for Fees [D.E. 56], the relief requested herein is immaterial and irrelevant to the determination of reasonable fees and costs owed to Plaintiff as the prevailing party in this FLSA matter.

20. As such, the filing of Defendants' Motion [D.E. 61] is yet another example of counsel for Defendants' dilatory tactics and attempts to delay these proceedings and invalidate the March 31, 2016 settlement.

21. The case law related to the enforcement of retainer agreements, in light of the FLSA is clear. Moreover, any potential argument that Plaintiff herein would not be entitled to her reasonable fees and costs because of the existence of a contingency fee agreement is not only incorrect but unenforceable as contrary to the intent of the FLSA. See Zegers, 569 F. Supp. 2d at 1268.

22. In addition, the relief requested in Defendants' Motion [D.E. 61] is pretextual in nature. First, this Honorable Court will determine the reasonable amount of fees and costs owed to Plaintiff by Defendants as the prevailing party of this FLSA matter. Second, counsel's request is tantamount to a red herring. Indeed, counsel for Defendants has confirmed that his position is that Plaintiff is entitled to $0.00 in reimbursement of reasonable fees and costs. (See [D.E. 55]. Therefore, the existence of a retainer agreement could not possibly revise the amount offered as the amount offered is $0.00.

23. As stated in more detail herein and based on the clear litigation tactics utilized by Defendants counsel, Defendants Motion [D.E. 61] is another example to corroborate the fact that this matter has been heavily litigated and the parties have incurred significant fees and costs in litigating same.

24. In adjudicating reasonableness of fees, counsel for Defendants cannot litigate this matter tenaciously and then complaint about the time necessarily spent by Plaintiff in response. (See Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986))). As such, this Court should take such actions into consideration when ruling on the matter.

WHERFORE, Plaintiff SCARLETT ANNE ASBUN ("Plaintiff") respectfully request that this Honorable Court enter an order as follows: (a) denying Defendants Motion [D.E. 61]; (b) granting sanctions and/or reimbursement of the fees incurred by Plaintiff in responding to Defendants' Motion [D.E. 61] (and all related motions and hearings) against Defendants and in favor of Plaintiff pursuant to the inherent power of this Court, F.R.C.P. 54 and L.R.S.P. 7.3 and (c) granting any other relief this Court deems necessary and proper.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

Respectfully submitted,

**HUDSON & CALLEJA, LLC**
Counsel for Plaintiffs
355 Alhambra Circle, Suite 801
Coral Gables, Florida 33134
Telephone: (305) 444-6628
Facsimile:  (305) 444-6627
rhudson@hudsoncalleja.com
jsocorro@hudsoncalleja.com

By:/s/  José A. Socorro_____
       **JOSÉ A. SOCORRO**
       Florida Bar No.:  011675
       **ROBERT W. HUDSON**
       Florida Bar No.:  993875

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all parties identified on the attached Service List in the manner identified on this 7th day of July 2016.

By:/s/  José A. Socorro_____
       **JOSÉ A. SOCORRO**
       Florida Bar No.:  011675

### SERVICE LIST

CASE NO. 15-61370-CIV-MARRA

*Counsel for Defendants*:
Dion J. Cassata
Law Office of Dion Cassata, P.A.
Boca Crown Centre
7999 North Federal Highway, Suite 200
Boca Raton, Florida 33487
Telephone: (954) 364-7803
Facsimile: (954) 251-4787
Email: dion@cassatalaw.com