UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-61370-CIV-MARRA


SCARLETT ANNE ASBUN,

      Plaintiff,

v.

JOAO A. RESENDE, individually,
and VAGOS SERVICES, INC.,
a Florida corporation,

      Defendants.

_____/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR ORDER REQUIRING
PLAINTIFF'S COUNSEL TO FILE
FEE/ REPRESENTATION AGREEMENT WITH THE COURT**

Defendants, JOAO A. RESENDE, an individual, and VAGOS SERVICES, INC., a Florida corporation, by and through undersigned counsel, herein file this Reply in support of their Motion [DE 61] seeking an Order requiring Plaintiff's counsel to file any fee/ representation agreement(s) he or his law firm may have with the Plaintiff, or in the alternative, deny and dismiss Plaintiff counsel's pending Amended Verified Motion for Entitlement to an Award of Attorney's Fees and Costs, et al. [DE 54] (hereinafter "Plaintiff's Motion for Fees and Costs"), and in support thereof, state:

In his Response [DE 62], Plaintiff's counsel asserts he should not be compelled to file with the Court any fee/representation agreement(s) he may have with his client because any such agreement(s) with Plaintiff are "futile and irrelevant to the dispute before the Court," "immaterial," "not binding," and "unenforceable." *See Response*, ¶¶ 14, 17, and 18. Incredibly, Plaintiff counsel

also asks that sanctions be imposed on Defendants <u>for even seeking to have the fee agreement(s) be disclosed.</u> *Response* at 5.

First, Plaintiff's counsel willfully ignores the fact that Local Rule 7.3, by its unequivocal plain terms, **requires** that any attorney/party seeking an award of attorneys' fees after entry of a final judgment **must** produce the fee agreement that the attorney has with the client. Local Rule 7.3(a)(4).

Secondly, Plaintiff's counsel is incorrect that the terms of any fee/ representation agreement(s) are irrelevant or immaterial. There are numerous hypothetical scenarios under which the fee agreement would be very relevant to any potential award of fees.  Just a few examples would include:

- perhaps Plaintiff paid her counsel an amount representing attorneys' fees already (and/or perhaps she paid her counsel more than she herself recovered ($2,000));

- perhaps Plaintiff and her counsel have an unusual or improper arrangement to share in fees recovered or perhaps the $2,000 already paid to Plaintiff was transferred to or attached by her counsel (numerous scenarios such as these would call into question whether the settlement was fair and reasonable to Plaintiff pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982));

- or perhaps there is no written agreement for representation at all between Plaintiff and her counsel.

In any event, there are numerous plausible scenarios under which the representation/fee agreement would be very material and relevant.

**WHEREFORE,** Defendants respectfully request that the Court:

-        grant Defendants' Motion [DE 61] and order Plaintiff's counsel to file with the Court any fee /representation agreement(s) he or his law firm may have with the Plaintiff;

-        find that Plaintiff counsel's refusal to file the fee agreement in the first place, coupled with the fact that Plaintiff counsel actually had the temerity to baselessly request sanctions in his Response, justify an award of fees to Defendants;

-        further Order that if the fee/ representation agreement(s) are not filed as ordered, then Plaintiff's Motion for Fees and Costs shall be denied with prejudice.


DATED:        July 11, 2016
              Boca Raton, Florida          Respectfully submitted,


                                           BY:   s/Dion J. Cassata

                                                 Dion J. Cassata
                                                 Fla. Bar No. 672564
                                                 *dion@cassatalaw.com*

                                           CASSATA LAW, P.A.
                                           Boca Crown Centre
                                           7999 N. Federal Highway
                                           Suite 200
                                           Boca Raton, Florida 33487
                                           Telephone: (954) 364-7803
                                           Facsimile: (954) 251-4787

                                           *Counsel for Defendants*


## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on July 11, 2016 I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of Florida using the Court's Case Management/Electronic Case Filing (CM/ECF) system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified.

                              By: s/Dion J. Cassata
                                   Dion J. Cassata

                                       3

## SERVICE  LIST

*Asbun v. Resende, et al.*
*SDFL Case No. 15-61370-CIV-MARRA*

| | |
|---|---|
| Jose Alberto Socorro, Esq.<br>*jsocorro@hudsoncalleja.com*<br><br>**HUDSON & CALLEJA, LLC**<br>355 Alhambra Circle, Suite 801<br>Coral Gables, FL 33134<br><br>Telephone:   (305) 444-6628<br>Facsimile:   (305) 444-6627<br><br><br>[Counsel for Plaintiff] | Dion J. Cassata, Esq.<br>*dion@cassatalaw.com*<br><br>**CASSATA LAW, P.A.**<br>Boca Crown Centre<br>7999 N. Federal Highway, Suite 200<br>Boca Raton, FL 33487<br><br>Telephone:   (954) 364-7803<br>Facsimile:   (954) 251-4787<br><br>[Counsel for Defendants] |