UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61370-CIV-MARRA/MATTHEWMAN

SCARLETT ANNE ASBUN,

    Plaintiff,

v.

JOAO A. RESENDE, et al.,

    Defendants.

_____/

FILED by _____ D.C.

SEP 2 6 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON CROSS MOTIONS FOR ATTORNEY'S FEES AND COSTS [DEs 53, 54]

THIS CAUSE is before the Court upon Defendants, Joao A. Resende and Vagos Services, Inc.'s ("Defendants") Motion for Award of Reasonable Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority; or, in the Alternative, to Deny Recovery of Attorneys' Fees and Costs to Any Counsel or Party [DE 53] and Plaintiff, Scarlett A. Asbun's ("Plaintiff") Amended Verified Motion for Entitlement to an Award of Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(B), 28 U.S.C. §1920, and Southern District of Florida Local Rule 7.3 [DE 54]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 64. Both motions are fully briefed, and the Court held an evidentiary hearing on the matter on August 30, 2016. The matters are now ripe for review.

For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion for Award of Reasonable Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority; or, in the Alternative, to Deny Recovery of Attorneys'

1

Fees and Costs to Any Counsel or Party [DE 53] and **GRANT IN PART AND DENY IN PART** Plaintiff's Amended Verified Motion for Entitlement to an Award of Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(B), 28 U.S.C. §1920, and Southern District of Florida Local Rule 7.3 [DE 54].

## BACKGROUND

Plaintiff initially filed suit on July 1, 2015, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* [Compl. ¶ 1]. According to the Complaint, Plaintiff worked as a truck driver for Defendants from approximately March 26, 2015, through April 27, 2015, a period of approximately 28 days. *Id.* at ¶ 11. Plaintiff alleged in the Complaint that Defendants failed to compensate her for all of the days she worked and that they still owed her $2,710.00. *Id.* at ¶¶ 17-21.

On March 31, 2016, approximately nine months after the lawsuit was filed, the parties filed a Notice of Settlement [DE 30]. Thereafter, apparently unable to agree on the wording of the settlement agreement or the terms of a release, the parties filed cross motions to enforce the settlement agreements [DEs 36, 37]. The Court held a hearing on the cross motions on May 25, 2016, and all issues regarding the wording of the Settlement Agreement and Release and regarding the wording of the Joint Motion for Order Approving Settlement of FLSA Case and Dismissal with Prejudice were quickly resolved at the hearing before this Court. [DE 46, p.1]. The parties filed a Joint Notice of Withdrawing Cross Motions to Enforce Settlement [DE 47] on May 26, 2016.

On May 31, 2016, the parties filed a Joint Motion for Order Approving Settlement of FLSA Case and Dismissal with Prejudice [DE 48]. They explained that Defendants had agreed to pay $2,000 to Plaintiff to settle the case—$1,000 towards unpaid wages and $1,000 towards

liquidated damages—to resolve the entire case "except for the award of attorney's fees and costs." *Id.* at p. 2.   The parties also stated that they were "in the process of attempting to reach an amicable resolution in regard to the issue of reasonable attorneys' fees and costs incurred by Plaintiff in filing the Complaint." *Id.* at p. 3.   On June 2, 2016, the Court entered an Order [DE 49] instructing the parties that it would not approve the settlement until Defendant Resende signed the settlement agreement.   On June 3, 2016, after Defendant Resende signed the settlement agreement, the Court entered an Order [DE 52] finding the settlement agreement to be fair and reasonable, approving the settlement, dismissing the case with prejudice, and retaining jurisdiction to determine attorney's fees and costs in accordance with Local Rule 7.3.

## DEFENDANTS' MOTION, PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION, AND DEFENDANTS' REPLY

On June 16, 2016, Defendants filed their Motion for Award of Reasonable Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority; or, in the Alternative, to Deny Recovery of Attorneys' Fees and Costs to Any Counsel or Party ("Defendants' Motion") [DE 53].   Defendants argue that they are entitled to reasonable attorney's fees on two grounds. *Id.*   First, they maintain that Plaintiff's counsel falsely claimed that he had spent 27 hours on this case while the parties were discussing a global settlement before Defendants had even responded to the Complaint. *Id.*   Next, Defendants argue that, after the parties had agreed to settle the case on March 31, Plaintiff's counsel "unreasonably and vexatiously reversed course and refused to include a full and general release...despite the fact that a full release had clearly been previously agreed upon, necessitating the Court to hold an evidentiary hearing...and a significant amount of unnecessary and needless work." *Id.* at pp. 2-3.   Defendants contend that Plaintiff's counsel multiplied the

3

proceedings and should have to pay Defendants' attorney's fees as a sanction under 28 U.S.C. § 1927.  *Id.* at pp. 12-16.

Defendants next argue that, if the Court will not award Defendants any fees, the Court should find that no fees or costs are recoverable by any party in this case.  [DE 53, p. 16]. Defendants assert that prevailing party status does not guarantee receipt of attorney's fees and that, sometimes, a reasonable fee award is no fee award at all.  *Id.* at pp. 16-17.   Defendants contend that a denial of fees to Plaintiff is justified by the following: (1) the fact that Plaintiff's counsel knew at the inception of the case that Plaintiff's claimed damages were relatively small and so Plaintiff's counsel's goal was to get a disproportionately large award of attorney's fees; (2) the fact that neither Plaintiff nor her counsel made a pre-suit demand prior to the filing of the Complaint; (3) the fact that, after the Complaint was filed, Defendants immediately engaged in settlement negotiations and were rebuffed with false claims about the time Plaintiff's counsel had spent on the case; and (4) Plaintiff's bad faith conduct which avoided prompt settlement that would have kept the cost of litigation low.  *Id.* at pp. 17-20.

In response, Plaintiff first argues that Defendants have not established that 28 U.S.C. § 1927 sanctions are proper as there is no proof that Plaintiff's Complaint was frivolous, that the FLSA claim was made in bad faith, or that Plaintiff's counsel acted in bad faith.   [DE 56, pp. 1-2].   Next, Plaintiff contends that Defendants' assertions in their Motion "are complete fabrications made solely to bolster a meritless allegations [sic] of bad faith against Plaintiff." *Id.* at p. 2.   Plaintiff also argues that her fees are so high due to Defendants' conduct during the litigation.  *Id.*

Plaintiff explains that the attorney time billed was voluntarily cut because Plaintiff's counsel deleted all time billed by two attorneys that later left Plaintiff's counsel's law firm.

[DE 56, p. 7].   Plaintiff believes that the time spent on the case was reasonable.   *Id.*   Plaintiff claims that her attorney was forced to heavily litigate this case because of Defendants' counsel's conduct and that Plaintiff filed two sets of discovery, drafted and filed 19 pleadings, motions, and notices with the Court, and attended a special set hearing.   *Id.* at p. 8.   Plaintiff also argues that she agreed to a "standard release" and not to a "full" or "general" release.   *Id.* at p. 10. She accuses Defendants' counsel of engaging in a pattern of dilatory tactics throughout this litigation.   *Id.* at p. 12.   Plaintiff argues that there is no evidence of bad faith and that she is entitled to attorney's fees under the FLSA.   *Id.* at pp. 15-16.

Plaintiff explains that the cases cited by Defendants are distinguishable because this case involved over $400 in damages, there is no evidence that Plaintiff's counsel engaged in bad faith litigation tactics, Plaintiff's counsel had to do a lot of work in this "heavily litigated matter", and Plaintiff's counsel did try to resolve this matter pre-suit via a May 13, 2015 letter.   [DE 56, pp. 16-17].   Finally, Plaintiff claims that Defendants' counsel has acted with the intention to invalidate the settlement.   *Id.* at pp. 18-20.   Plaintiff is seeking fees and costs incurred in having to respond to Defendants' Motion.   *Id.* at p. 20.

In reply, Defendants argue that Plaintiff's assertion in her Response that Plaintiff's counsel really did bill 27 hours but then cut a large number of the hours is "difficult to believe." [DE 60, p. 2].   Defendants maintain that "the more plausible and probable explanation is that Plaintiff [sic] counsel's firm likely did not have 27 hours invested in this case on February 9" and that Plaintiff's counsel had likely only spent three to four hours on the case as of that date. *Id.* at p. 3.   Defendants also point out that the bulk of the legal work done in this case has been related to the issue of attorney's fees and "in addressing Plaintiff's counsel's seemingly deliberate attempts to create 'second litigations' over what should be fairly routine and

5

straightforward tasks." *Id.*

## PLAINTIFF'S MOTION, DEFENDANTS' RESPONSE, PLAINTIFF'S REPLY

On June 17, 2016, Plaintiff filed her Amended Verified Motion for Entitlement to an Award of Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(B), 28 U.S.C. § 1920 and Southern District of Florida Local Rule 7.3 ("Plaintiff's Motion") [DE 54].   Plaintiff claims that she is the prevailing party under the law and claims $22,845.00 in attorney's fees and $705.25 in costs.   *Id.* at pp. 3-4.   Plaintiff also seeks recovery of "the additional time that will be required to reply to Defendants' responses and opposition to this motion." *Id.* at p. 4.   Plaintiff claims her two attorneys spent 75.8 hours on this matter and notes that the attorneys charge hourly rates of $300 and $350.   *Id.*   She explains that her attorneys engaged in discovery and extensive motion practice in this case.   *Id.* at p. 11.   Plaintiff also argues that the amount of wages recovered by Plaintiff has no bearing on the fees awarded to her counsel.   *Id.* at pp. 13-14.

In response, Defendants first argue that, given the circumstances of this litigation, a reasonable fee award to Plaintiff is zero dollars.   [DE 55, p. 2].   Defendants do not dispute that Plaintiff is the prevailing party, but they cite case law for the premise that sometimes a reasonable fee award is no fee award at all.   *Id.*   Defendants next argue that, if the Court does enter a fee award in favor of Plaintiff, it should greatly reduce the fee award sought.   *Id.* at p. 3. They object to fees for any work completed by Plaintiff's counsel after February 10, 2016, and any work completed from March 31, 2016 on, as well as several specific hours billed by counsel. *Id.* at pp. 4-7.   Defendants explain that this case was not heavily litigated, that Plaintiff's counsel created the bulk of the work in this case, and that the case resolved before Defendants even filed an answer to the Complaint.   *Id.* at p. 7.   Defendants believe that Plaintiff is entitled to a fee award for approximately three hours of attorney time.   *Id.*   Defendants also argue that

Plaintiff's counsel's rates are unreasonable. *Id.* at p. 8. With regard to Plaintiff's claim for costs, Defendants argue that she should not be permitted to recover any costs, or, if she is entitled to recover some costs, she is not entitled to recover expenses related to service of process. *Id.*

In reply, Plaintiff argues that Defendants' Response is full of misrepresentations of fact. [DE 59, p. 3-7]. Plaintiff also contends that the rate sought by her counsel and the costs sought are reasonable and appropriate. *Id.* at p. 7. Next, she argues that defense counsel's dilatory actions caused the large attorney's fees award claimed by Plaintiff. *Id.* at pp. 7-8. Finally, Plaintiff asserts that she is entitled to recover fees expended in litigating fees from January 12, 2016, until the entry of an Order on fees. *Id.* at p. 9. She claims an additional fee award of $6,510.00 for 21.7 hours of legal work in litigating fees. *Id.*

## EVIDENTIARY HEARING

The Court held an evidentiary hearing on August 30, 2016. Although Plaintiff requested that the Court schedule an evidentiary hearing [DE 57], the only additional evidence introduced was Plaintiff's counsel's billing records from July 1, 2016, through August 30, 2016.

At the hearing, Defendants' counsel pointed out that the case settled quickly, that no answer was even filed, and that 90% of the work done in the case did not go to the merits. Defendants' counsel noted that Defendants propounded an offer of judgment in the amount of $1,800 on March 9, 2016, and that the case settled on March 31, 2016, for $2,000. Defendants' counsel conceded that Plaintiff is the prevailing party entitled to a reasonable fee, but he argued that a reasonable fee would be zero or a small amount for meeting with the client, preparing and filing the complaint, and attending the joint scheduling conference.

Defendants' counsel acknowledged that Plaintiff did serve basic discovery, but he also emphasized that Plaintiff's counsel filed an unnecessary motion to compel depositions and

motion for sanctions within a couple of hours after the joint scheduling conference because Plaintiff's counsel did not like the dates suggested.   Defendants' counsel argued that the parties unnecessarily spent seven weeks post-settlement trying to agree on the language in the general release.   Defendants' counsel asserted that, on February 9, 2016, Plaintiff's counsel sent correspondence demanding close to $12,000 to settle the case and stating that counsel had invested 27 hours in the case already.   Defendants' counsel argued that the Court should impose § 1927 sanctions for vexatiousness, not frivolousness, as there is direct evidence of bad faith here.

Plaintiff's counsel argued that Defendants' claim for § 1927 sanctions fails because there was no bad faith in this case, no bad faith tactics to delay, and, clearly, no frivolousness since the case settled.   Plaintiff's counsel claimed that he sent a demand letter to Defendants in May 2015 and has always tried to settle this case.   He reaffirmed that he deleted time from his firm's billing records after some of the attorneys who had worked on this case left the firm.   Plaintiff's counsel offered to settle the case at the onset in February 2016 for an $8,000 global settlement. According to Plaintiff's counsel, after the case did settle, Defendants' counsel dragged out the process of drafting a settlement agreement and motion to approve settlement.   Additionally, Plaintiff agreed to the terms of Defendants' general release, but Plaintiff was still forced to litigate the case to get it formally settled; therefore, Plaintiff's counsel believes that time submitted after settlement is compensable

## DISCUSSION

## I. WHETHER SANCTIONS ARE APPROPRIATE UNDER 28 U.S.C. § 1927 OR THE COURT'S INHERENT POWER

In Defendants' Motion [DE 53], they argue that they are entitled to sanctions in the form

of attorney's fees pursuant to the Court's inherent power and 28 U.S.C. § 1927, which states the following:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.   The Eleventh Circuit has explained that "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'"   *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)).

Having carefully considered all of the evidence and filings in this case, the Court cannot find that Plaintiff's counsel acted in bad faith in this litigation; therefore, sanctions are not warranted pursuant to 28 U.S.C. § 1927 or the Court's inherent power.

## II. WHETHER PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES

It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."   29 U.S.C. § 216(b).   In the case at hand, the parties entered into a settlement agreement, and the settlement was formally approved [DE 52], so Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees.   *See Wolff v. Royal American Management, Inc.*, 545 Fed.Appx. 791, 793 (11th Cir. 2013).   Moreover, Defendants concede that Plaintiff is the prevailing party; they are simply arguing that she is entitled to no fees or to a much lower amount of fees than she is seeking.

### III.   CALCULATION OF THE ATTORNEY'S FEE AWARD TO PLAINTIFF

In determining the amount of attorney's fees to be awarded, courts apply a three-step process which requires that courts (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party.   *Atlanta J. & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).   A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."   *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)).   This "lodestar" may then be adjusted for the results obtained by the attorney.   *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).   "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)."   *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).   These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). The burden rests on the plaintiff to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F.3d at 427 (stating that objections from fee

11

opponents must be to be specific and "reasonably precise"); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee opponents.")

### A.   COUNSEL'S HOURLY RATE

In seeking reimbursement for her attorney's fees, Plaintiff relies on the billing records of her attorneys, Robert W. Hudson, Esq., who charges $350 an hour, and Jose Socorro, Esq., who charges $300 an hour.   [DE 54-1].   Plaintiff provided the Affidavit of Robert W. Hudson [DE 54-3] in support of her request for attorney's fees.   Mr. Hudson attested that his hourly rate of $350 is reasonable based on his experience and on the prevailing market rate in the Miami-Dade County legal community in FLSA matters for attorneys with comparable skills, experience, and reputation.   *Id.*   Mr. Hudson, the managing shareholder of Hudson & Calleja, LLC, stated that he has been admitted to practice law in Florida for 22 years and that he has litigated FLSA cases for over 10 years.   *Id.*

Plaintiff also provided the Affidavit of Jose A. Socorro, Esq.   [DE 54-3].   Mr. Socorro stated that he charges an hourly rate of $300, which is reasonable based on his experience and on the prevailing market rate in the Miami-Dade County legal community in FLSA matters for attorneys with comparable skills, experience, and reputation.   *Id.*   Mr. Socorro explained that he has been practicing law in Florida for 11 years and has been litigating FLSA cases for over eight years.   *Id.*

First, the Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal.   After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

*Norman*, 836 F. 2d at 1303 (citations omitted).

Having considered the two affidavits, the supporting evidence, and the *Johnson* factors, and based upon the Court's own knowledge and experience, the Court concludes that a $350 hourly rate is a reasonable rate for Plaintiff's counsel, Mr. Hudson, and $300 is a reasonable rate for Mr. Socorro.   *See Casanova v. Impact Glass Servs., Inc.*, 1:14-cv-24363, DE 62 at pp. 5-6 (S.D. Fla. Jun. 14, 2016) (finding these same rates to be reasonable).

Based on the qualifications of counsel and other relevant factors, this Court **RECOMMENDS** that the District Court find that Mr. Hudson's hourly rate of $350 and Mr. Socorro's hourly rate of $300 are reasonable.

### B.   NUMBER OF HOURS REASONABLY EXPENDED

According to Plaintiff's Motion, prior to June 3, 2016, Plaintiff's counsel spent 75.8 hours litigating this case.   [DE 54].   From June 6, 2016, through June 30, 2016, counsel spent another 21.7 hours working on the case.   [DE 59].   Then, from July 1, 2016, through August 30, 2016, counsel spent 13.9 hours working on the case.   [DE 72-1].   The total number of hours asserted to have been spent on this case by Plaintiff's counsel, therefore, is 111.4 hours.

However, this is a case that settled before an answer to the Complaint was even filed. Routine discovery was served, but never answered.   Prior to the case settling, Plaintiff filed the Complaint [DE 1], a Motion for Extension of Time to Effect Service of Process [DE 6], Notices of Filing Proposed Summonses [DEs 8, 11], a Motion for Extension of Time to Respond to Defendants' Motion for More Definite Statement [DE 16], a Response in Opposition to Defendant's Motion for More Definite Statement [DE 18], a Motion to Compel Defendants to Provide Dates and Appear for Deposition [DE 19], a Scheduling Report [DEs 20, 23], and a Joint Motion Responding to Order Setting Hearing and Briefing Schedule [DE 27].   A review of the

docket clearly shows that the majority of filings in this case were mundane and relatively simple. This was not a complex case, nor was it a heavily litigated case. It was a simple and relatively minor FLSA case in which the parties' counsel did not get along, did not cooperate with one another, generally made life difficult for each other, and together made this case far more time-consuming and expensive to resolve than was necessary. Further, many of the filings in this case actually occurred post-settlement.

Plaintiff's request for attorney's fees covers three distinct periods of time, each of which period of time is discussed below.

    i.    <u>Attorney's Fees Sought by Plaintiff from June 15, 2015, through June 3, 2016</u>

The Court will first consider the first group of billing records from June 15, 2015, through June 3, 2016. [DE 54-1]. The Court finds that the 75.8 hours billed by Plaintiff's counsel is clearly unreasonable and excessive given the limited work done on the case before it settled. For example, Plaintiff's counsel spent approximately 5.6 hours working on the routine, seven-page, one count FLSA Complaint and researching the related legal issues, and spent approximately 3.9 hours working on the four-page Response in Opposition to Defendant's Motion for More Definite Statement. Additionally, Plaintiff's counsel periodically billed for vague tasks such as "review complaint and documents related to this matter and assess same in preparation for future defense of this matter and potential settlement of claim" (2/4/2016 billing entry) and "review of matter regarding pending issues and outline list of items to complete in order to move case forward in litigation" (3/10/2016 billing entry).

Moreover, Plaintiff's counsel billed approximately 2.8 hours for researching and drafting a Response in Opposition to Defendant's Motion to Compel Attorney Time Records, but then, on the same day, Plaintiff's counsel filed a Notice of Production of Time Records, which deemed

the response moot.   Finally, on April 18, 2016, and June 1, 2, and 3, 2016, Plaintiff's counsel billed approximately 14.3 hours drafting the Verified Motion for Attorney's and Costs and attachments thereto.   That equates to two full days of billable time to draft a simple motion for attorney's fees.   The Court notes that this relatively minor FLSA case likely could have been tried to verdict in that period of time.

After the parties began fighting over the terms of settlement, Plaintiff's counsel billed approximately 13.6 hours researching and drafting Plaintiff's Motion to Enforce Settlement and reply thereto, drafting Plaintiff's response to Defendant's Motion to Enforce Settlement, and attending the evidentiary hearing.   The Court notes that the settlement enforcement evidentiary hearing boiled down to the attorneys for the two parties disagreeing over language in the general release and motion to approve settlement and then relatively quickly agreeing to withdraw their cross-motions for summary judgment with the Court's guidance.   In sum, a great deal of the hours billed were excessive and unnecessary due to both parties' counsel's inability to get along and work together professionally and amicably

    ii.    <u>Attorney's Fees Sought by Plaintiff from June 6, 2016, through June 30, 2016</u>

With regard to the 21.7 hours billed from June 6, 2016 [DE 59-7], through June 30, 2016, the Court again finds many of these hours to be excessive and unnecessary.   Plaintiff's counsel spent an inordinate amount of time working on Plaintiff's Amended Verified Motion for Fees and Costs, reviewing Defendants' Motion, researching, drafting a response to Defendants' Motion, and drafting a reply to Plaintiff's Motion.   The response, specifically, which was five pages long and contained relatively simplistic arguments, should not have taken over 13.5 hours to research and draft.   It is undisputed that "an attorney may recover fees for time spent litigating the award of a section 1988 fee." *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d

1242, 1245 (11th Cir. 2003).   However, "[l]awyers should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation.'"   *Id.*   While courts cannot entirely deny recovery of fees for litigating fees, courts can deduct any unreasonable fees spent litigating fees.   *Id.*

      iii.    <u>Attorney's Fees Sought by Plaintiff from July 1, 2016, through August 30, 2016</u>

Finally, with regard to the 13.9 hours billed from July 1, 2016, to August 30, 2016, over two hours were spent drafting a subpoena for deposition *duces tecum* directed to defense counsel and corresponding with defense counsel about that issue.   The Court granted defense counsel's Motion for Protective Order and to Quash Plaintiff's Subpoena on the basis that the subpoena was untimely and improper.   Thus, Plaintiff should not be entitled for hours spent on this issue. Furthermore, the Court notes that Plaintiff's counsel apparently spent at least 5.9 hours preparing for the evidentiary hearing on the cross-motions for attorney's fees.   The Court notes that counsel introduced no evidence other than additional billing records at the hearing and generally repeated the arguments that he had made in his response to Defendants' Motion.

Finally, as stated in Plaintiff's counsel's billing records introduced at the start of the August 30, 2016 evidentiary hearing, Plaintiff's counsel billed 2.9 hours for appearing at and attending the August 30, 2016 evidentiary hearing.   However, at the time that Plaintiff's counsel billed for this time, the hearing had not yet even taken place.   Therefore, he could not have possibly known how long the hearing would take.   Although this was likely an estimate by Plaintiff's counsel, the fact remains that the August 30, 2016 hearing lasted 53 minutes. Clearly, based upon the Court's careful review, it is clear that some of the hours billed from July 1, 2016, to August 30, 2016, were excessive and unreasonable.

## C. CALCULATION OF LODESTAR AMOUNT

Plaintiff's counsel Mr. Hudson only worked on this case on October 29th and 30th of 2015 and on April 18, 2016.   It appears that the 2.1 hours he billed were reasonable.   Therefore, the Court will recommend that the $735 billed by Mr. Hudson be awarded to Plaintiff.

The Court will next consider the 109.3 hours billed by Plaintiff's counsel Mr. Socorro. A careful review of the billing records and the docket shows that these hours were clearly, in part, excessive and unnecessary.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).   Here, the Court finds that a 50% across-the-board cut of Mr. Socorro's hours is appropriate.   The hours billed by Mr. Socorro were, in numerous circumstances, unreasonable, excessive, and unnecessary.   In making this 50% reduction, the Court has considered all relevant factors, including the fact that Defendants' counsel contributed to the difficulty and contentious nature of this simple dispute.   However, the total fault for the over-litigated nature of this simple FLSA case cannot fairly be assigned exclusively to counsel for either party; rather, the Court finds that both parties' counsel acted in manner which unnecessarily heightened the antagonisms between the parties and counsel, resulting in an excessive claim for attorney's fees. After the 50% reduction is calculated, Mr. Socorro reasonably billed 54.65 hours for a total of $16,395.00.

## D.   ADJUSTMENT TO THE LODESTAR

"[T]he Supreme Court has made plain that in determining reasonable attorney's fees, 'the most critical factor is the degree of success obtained.'" *Ramos v. Goodfellas Brooklyn's Finest*

*Pizzeria, LLC,* No. 08-61240-CIV, 2009 WL 2143628, at *2 (S.D. Fla. July 16, 2009) (quoting *Hensley,* 461 U.S. at 436).   "As an alternative or in addition to adjusting the number of hours used to calculate the lodestar, the Court may apply an after-the-fact reduction of the lodestar where the Plaintiff achieved only partial or limited success, and this is true 'even where the plaintiff's claims are interrelated, non-frivolous and raised in good faith.'"   *Barker v. Niles Bolton Assocs., Inc.,* 2009 WL 500719, No. 07–15103, at *10 (11th Cir. Mar. 2, 2009) (quoting *Hensley,* 461 U.S. at 436); *see also Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *11 (S.D. Fla. Sept. 30, 2011).

Here, according to Plaintiff's Complaint, Plaintiff worked for Defendants for a grand total of 28 days and was owed $2,710 in back pay, plus an equivalent amount in liquidated damages, for a total of $5,420.   The case settled for $2,000, which is 37% of the amount sought.[1]   The fee award should, therefore, also be reduced due to limited success.   *See Ramos*, 2009 WL 2143628, at *2 (reducing the fee award due to limited success); *Reyes v. Falling Star Enter. Inc.,* Case No. 04–cv–1648–Orl–KRS, 2006 WL 2927553 (M.D. Fla. Oct. 12, 2006) (50% reduction of lodestar due to limited success).   The Court finds that the total award of $17,130, as calculated above for both attorneys[2], should be reduced by an additional 30%.   This would result in an attorney's fees award of $11,991.00.   The Court, therefore, **RECOMMENDS** that the District Court compensate Plaintiff for $11,991.00 in attorney's fees.

---

[1] Plaintiff claims she recovered 75% of the amount claimed because she recovered $2,000 of the $2,710 in back pay sought.   *See* DE 59, p. 2.   However, Plaintiff fails to take into account the $2,710 in liquidated damages that she sought in the Complaint.

[2] This number takes into the account the $735 billed by Mr. Hudson, and the $16,395.00 the Court calculated as reasonable for Mr. Socorro.

## IV. LITIGATION EXPENSES AND COSTS

Plaintiff seeks an award of $705.25 in costs.   [DE 54-2].   Under the FLSA, the Court is directed to award the prevailing party the costs of the action.   29 U.S.C. § 216(b). Additionally, Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   A "prevailing party" is the party in whose favor judgment is rendered by the Court.   *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F. 3d 1238, 1248 (11th Cir. 2002).   "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).   This statute provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks to recover $705.25 in costs, which, according to Plaintiff's Motion, includes the $400.00 filing fee for the District Court, $225.00 for fees for service of summons and subpoena, and $80.25 for personal and corporate location searches.   [DE 54-2]. Defendants first object to all costs sought because the case could have been settled prior to suit.

[DE 55, p. 8].   The Court does not find merit in this argument in part because, according to Plaintiff, she did send a pre-suit letter to Defendants.   Moreover, filing fees are routinely addressed as costs.   Therefore, Plaintiff is entitled to her $400.00 filing fee pursuant to 28 U.S.C. § 1920.

Next, Defendants specifically object to the service costs as they claim that someone is available every workday to accept service and that the service issue could have been resolved by a simple call or email.   [DE 55, pp. 8-9].   Plaintiff claims that Defendants evaded service. [DE 59, p. 7].   Even though 28 U.S.C. § 1920 does not expressly say so, private process server fees may be taxed under 28 U.S.C. §§ 1920 and 1921 so long as the taxable costs of the process server are limited to the statutory fees that §1921(b) authorizes.   *See U.S. E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).   Section 1921(b) states that "[t]he Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921]a.   Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided."   28 U.S.C. § 1921(b).   According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service shall routinely collect fees of $65 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses.   Based on the foregoing, Plaintiff should be entitled to process server fees that fall below the $65 per hour rate.

Here, Plaintiff incurred $45 on three different occasions and $90 on one occasion (the process server had to go to two different addresses this time) in attempting to serve Defendants with the Complaint.   Plaintiff also incurred $80.25 for personal and corporate location searches. The Court finds that that Plaintiff is entitled to the $225 in costs for service of process but is not entitled to the $80.25 for personal and corporate location searches.   The Court also notes that

Plaintiff either intentionally or by mistake categorized the $80.25 in her Bill of Costs as "compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828", which categorization is contradicted by the attached receipt.   [DE 54-2].

Based on the foregoing, the Court will **RECOMMEND** that total costs in the amount of $625.00 be awarded to Plaintiff.

## CONCLUSION

In sum, Plaintiff seeks $33,525.00 in attorney's fees (109.3 hours at $300 per hour and 2.1 hours at $350 per hour), plus costs in the amount of $705.25, for a grand total of $34,230.25 for legal work allegedly expended on a very simple one count FLSA claim where Plaintiff worked for Defendants for a mere 28 days and the case settled for $ 2,000 ($1,000 towards Plaintiff's unpaid wages and $1,000 towards liquidated damages).[3]   It seems quite clear that the bulk of this case was not about Plaintiff's relatively minor unpaid wages claim, but was instead, unfortunately, about attorney's fees.   Both parties' counsel contributed to the unnecessarily high amount of attorney's fees sought in this case.   The Court is disappointed in the lack of mutual cooperation exhibited by counsel for Plaintiff and by counsel for Defendants and the unnecessarily contentious nature of this simple dispute which should have been quickly and easily resolved without excessive fees billed by either side.   In the future, counsel would be well advised to pick up the telephone and talk to each other in a professional and courteous manner at an early stage of such a case in an effort to resolve the matter and avoid what has transpired in this case—an attorney's fees train wreck where over $34,000 thousand dollars of attorney's fees and costs is being sought for such a minor and simple FLSA case.

---

[3]   In making this observation, the Court is not attempting in any way to simply make the fee award proportionate to the results obtained by Plaintiff, which would be contrary to the law.   *See Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir. 1997).   Rather, the recommended attorney's fee award is based upon a very careful review and consideration of all applicable factors.

The Court has carefully reviewed the matter in an effort to realistically, prudently, and objectively determine a reasonable attorney's fee award for Plaintiff pursuant to 29 U.S.C. § 216(b).[4]   Under the dictates of that statute and the facts of this case, and considering all of the underlying facts and circumstances, the Court finds that a reasonable attorney's fee award for Plaintiff is $11,991.00 and a proper award of costs is $625.00, for a total of $12,616.00.

In light of the foregoing,

1.     This Court **RECOMMENDS** that the District Judge DENY Defendants' Motion for Award of Reasonable Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority; or, in the Alternative, to Deny Recovery of Attorneys' Fees and Costs to Any Counsel or Party [DE 53].

2.     This Court **RECOMMENDS** that the District Court GRANT IN PART AND DENY IN PART Plaintiff's Amended Verified Motion for Entitlement to an Award of Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §1920, and Southern District of Florida Local Rule 7.3 [DE 54].

3.     This Court **RECOMMENDS** that the District Court award Plaintiff, Scarlett Anne Asbun, her costs in the amount of $625.00.

4.     The Court **RECOMMENDS** that the District Court award Plaintiff, Scarlett Anne Asbun, her attorney's fees in the amount of $11,991.00 and deny Plaintiff's motion in all other respects.

---

[4]In a different context, involving frivolous and non-frivolous claims, the Supreme Court explained that "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."   *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 2216 (2011).   The Court has attempted to meet that goal in this case.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation.   *See* 28 U.S.C. § 636(b)(1)(C).   Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.   11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of September , 2016.

WILLIAM MATTHEWMAN
United States Magistrate Judge